Frank Morris II
MD Bar #023091
Attorney for Debtor
8201 Corporate Drive
Suite 260
Hyattsville, MD 20785
301-731-1000
frankmorrislaw@yahoo.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| ACTUARIAL ESTATE, PLLC | : | **Case No. 23-00241-ELG** |
| | : | **(Chapter 11)** |
| | : | |
| Debtor | : | |

**APPLICATION OF FRANK MORRIS II AND MORRIS MARGULIES, LLC**
**FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

Pursuant to 11 U.S.C. section 330 and Federal Rule of Bankruptcy Procedure 2016, Morris Margulies, LLC, Frank Morris II hereby submits this first and final application for allowance of compensation for services rendered as counsel to Debtor during the period from **August 29, 2023** through **November 16, 2023**. In support hereof, Frank Morris II states:

I.      **CASE BACKGROUND**

1.      That this action was filed as a voluntary Petition under Chapter 11 of the United States Bankruptcy Code on **August 29, 2023**.

2.      That counsel and his firm represent Debtor in matters before this Court and matter relating to Debtor's Chapter 11 case. These matters *may* include the preparation and filing of schedules, attendance at meetings of creditors, attendance at confirmation hearings, objections to and resolution of claims, examination and monitoring of filed claims, stay litigation, consultations with the Trustee and creditors and ongoing consultation with the Debtor. A detailed time sheet is attached as Exhibit A, which indicates the work *actually* performed in this matter on behalf of Debtor.

II.      **SUMMARY OF COMPENSATION AND EXPENSES SOUGHT**

3. Frank Morris, II requests approval of compensation in the amount of **$7,267.50** for **Nineteen and Three-tenths (19.3)** hours of professional services rendered during the period of August 29, 2023 through November 16, 2023.

4. The table below identifies each professional by name and position and sets forth the time expended by each professional, the composite hourly rate charged and the total value of the time billed during the period covered by this application:

## TIMEKEEPER SUMMARY

| Timekeeper | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Frank Morris, II | Attorney | 9.0 | $550 | $4,950.00 |
| Jaynell Mungro | Sr. Paralegal | 10.3 | $225 | $2,317.50 |
| **Totals** | | **19.3** | | |

5. The time expended and the nature of the services rendered by Frank Morris II has been recorded in the ordinary course. A compilation of Frank Morris II's time entries setting forth the date of service rendered, the name of the individual rendering the service, a description of the service and the amount of time devoted to the service is attached hereto as Exhibit A.

6. In addition to services rendered, Frank Morris II has incurred actual and necessary expenses during the period covered by this application in the amount of **$0.00**.

7. Frank Morris II has not previously requested approval of compensation or expenses in this case. Frank Morris II has received compensation from the Debtor in the amount of Two Thousand Fifty-Two Dollars and Fifty Cents ($2,052.50) and seeks approval for services rendered to Debtor.

8. All services for which compensation is requested were performed for, or on behalf of the Debtor and not on behalf of any other person or entity.

9. No agreement exists between Frank Morris II and any other person or entity for the sharing of compensation already received, or to be received, in connection with this case.

III.    **SUMMARRY OF SERVICES RENDERED**

10. During the period covered by this application, Frank Morris II has provided services in the following general areas:

(a) Pre-filing assessment of Debtor's Financial situation
     Frank Morris II reviewed the Debtor's financial situation and advised the Debtor on the practices and procedures in filing a Chapter 11 bankruptcy case.

(b) Preparation of Petition, Statement of Financial Affairs, Chapter 11 Plan and related documents

     Frank Morris II and staff prepared all of the Debtor's schedules, conducted extensive review thereof and any amendments thereto.

(c) Representation of Debtor at all hearings before the Court

Attend Individual debtor interview, meeting of creditors, status and motions hearing with Debtor and consult with Debtor regarding strategic planning and successful completion of the Chapter 11 case.

(d) <u>Claim review and monitoring</u>

Frank Morris II reviewed all of the claims filed in Debtor's case for accuracy and completeness. Review, dispute, negotiate and file protective claims, where necessary.

(e) <u>Professional Fees</u>

Frank Morris II and staff prepared and filed this fee application.

## IV.    <u>LODESTAR ANALYSIS</u>

Frank Morris II requests compensation pursuant to the twelve (12) lodestar criteria originally enumerated in <u>Johnson v. Georgia Highway Express, Inc.,</u> 488 F.2d 714 (5th Cir. 1974), and expressly adopted by the Fourth Circuit in <u>Barber v. Kimbrells, Inc.</u> 577 F.2d 216 (4th Cir. 1978), <u>Anderson v. Booth,</u> 658 F. 2d 246 (4th Cir. 1982) and <u>Harman v. Levin (In re: Robertson),</u> 772 F.2d 1150 (4th Cir. 1985). The lodestar criteria are as follows:

(a)  The time and labor expended;
(b)  The novelty and difficulty of the questions raised;
(c)  The skill required to properly perform the legal services rendered;
(d)  The attorney's opportunity costs in pressing the instant litigation;
(e)  The customary fee for like work;
(f)  The attorney's expectations at the outset of the litigation;
(g)  The time limitations imposed by the client or circumstances;
(h)  The amount in controversy and the results obtained;
(i)  The experience, reputation and ability of the attorney;
(j)  The undesirability of the case within the legal community in which the suit arose;
(k)  The nature and length of the professional relationship between attorney and client; and
(l)  The attorney's fees awarded in similar cases.

Each of the lodestar criteria will be examined in detail below.

<u>TIME AND LABOR EXPENDED</u>

11. The time and labor performed by Frank Morris II and staff are described in detail in the time entries attached to this application. Given the circumstances of this case, the amount of time expended by Frank Morris II has been both appropriate and reasonable.

## NOVELTY AND DIFFICULTY OF QUESTIONS RAISED

12. This case presented challenges due to the Debtor's income issues, foreclosure, business valuation and bankruptcy related matters.

## LEVEL OF SKILL REQUIRED

13. The issues in this case required a specialized knowledge of bankruptcy and commercial law.

## OPPORTUNITY COSTS

14. Frank Morris II is a small law firm and can only accept a limited number of cases based upon the time and staff available to handle same. Although Frank Morris II did not specifically decline any new engagements because of time devoted to this case, the resolution of issues in this case directly reduces time available to work on other cases.

## CUSTOMARY FEE FOR LIKE WORK

15. Frank Morris II's fees were computed at the standard hourly rates charged by Frank Morris II to Debtors and to clients involved in non-bankruptcy matters. The rates are well within the customary hourly rates charged in this geographic area for like services in similar cases.

## EXPECTATIONS AT OUTSET OF CASE

16. Frank Morris II undertook representation of Debtor in this case with the expectation that he would be paid in full for services rendered. Frank Morris II did not take this case on a contingency basis, nor did Frank Morris II undertake this case with the expectation that he would be paid only a percentage of his fees over an extended period of time.

## TIME LIMITATIONS

17. This case required counsel to file a petition to protect Debtor's assets from being seized by creditors. Counsel took prompt action to protect the assets of Debtor for the benefit of all creditors of Debtor's estate. All time limitations and deadlines imposed in this case have been met by Frank Morris II. To prevent repossession and auction of the

Debtor's business assets and bank account, counsel prepared and filed a Chapter 11
Petition on debtor's behalf.

### AMOUNT IN CONTROVERSY AND RESULTS OBTAINED

18. Frank Morris II has worked successfully to dispute claims and develop a plan
of reorganization that is feasible for the debtor that will maximize debtor's successful
completion.

### EXPERIENCE, REPUTATION AND ABILITY OF COUNSEL

19. Frank Morris II is highly experienced and qualified in the area of bankruptcy
law. Frank Morris II has been practicing bankruptcy law for over twenty-six (26) years.

### UNDESIRABILITY OF CASE

20. Frank Morris II undertook representation of Debtor for only a minimal fee and
assumed the risk that Debtor would not complete debtor's Chapter 11 plan, thereby
leaving significant legal fees of Frank Morris II unpaid.

### NATURE AND LENGTH OF PROFESSIONAL RELATIONSHIP

21. Frank Morris II has a professional relationship with Debtor; however, will not
continue to represent Debtor throughout the life of debtor's Chapter 11 case.

### FEES AWARDS IN SIMILAR CASES

22. The compensation sought by Frank Morris II in this case is reasonable and
consistent with the fee awards in similar bankruptcy cases in this district.

**V.    CONCLUSION**

Based upon the foregoing Frank Morris II requests that this Court:

(a) Approve the allowance of compensation in the amount of
$7,267.50 of which $2,052.50 having been previously
received, for services rendered during the period covered by
this application; and

(b) Order that $5,215.00 be paid as an administrative expense of
Debtor's Chapter 11 case; and

(c) For such other and further relief as is just and appropriate.

Respectfully submitted:

<u>12/12/23</u>                                    /s/ Frank Morris II
                                            FRANK MORRIS II, ESQUIRE
                                            8201 Corporate Drive
                                            Suite 260
                                            Hyattsville, MD 20785
                                            301/731-1000
                                            Attorney for Debtor
                                            frankmorrislaw@yahoo.com


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the  12th      day of <u>December,</u> 2023, I reviewed the Court's

CM/ECF system and it reports that an electronic copy of the <u>Application of Morris</u>

<u>Margulies, LLC for Payment of Administrative Expenses </u>will be served electronically by

the Court's CM/ECF system on the following:

Kristen S. Eustis, U.S. Trustee Office
Michael T. Freeman, Assistant U.S. Trustee
Harry W. Acevedo, U.S. Trustee Office
U.S. Trustee, USTPRegion04.DC.ECF@USDOJ.GOV

I hereby further certify that on the   12th      day of <u>December,</u> 2023, a copy of the
<u>Application of Morris Margulies, LLC for Payment of Administrative Expenses </u>was also
mailed first class mail, postage prepaid to:

All Creditors

All Interested Parties

                                            /s/ Frank Morris II
                                            FRANK MORRIS II, ESQUIRE
                                            8201 Corporate Drive
                                            Suite 260
                                            Hyattsville, MD  20785
                                            (301)731-1000
                                            MD Bar # 023091
                                            Attorney for Debtor
                                            frankmorrislaw@yahoo.com