William C. Johnson, Jr., Esq.
Fed Bar No. 470314
6305 Ivy Lane, Suite 630
Greenbelt, Maryland 20770
(301) 477-3450
William@JohnsonLG.Law
Counsel for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | * | |
|    Actuarial Estate, PLLC | * | Case No. 23-00241 |
|       Debtor. | * | (Chapter 11) |
| _____ | * | |

## DEBTOR'S MOTION TO VACATE THE ORDER TO DISMISS THE BANKRUPTCY CASE

**COMES NOW** the debtor Actuarial Estate, PLLC, represented by counsel William C. Johnson Jr., Esq., and pursuant to Fed. R. Civ. P. 60(b) (made applicable by Fed. R. Bankr. P. 9024), files the instant Motion to Vacate the Order to Dismiss the Bankruptcy Case. In support of the motion the debtor states as follows:

1. The debtor filed the instant Chapter 11 case on August 29, 2023.

2. The debtor represented by prior counsel failed to pay its quarterly fees as it mistakenly believed it was a fee to be handled by counsel.

3. On November 10, 2023, the debtor's counsel filed a Motion to Withdraw as counsel.

4. On November 15, 2023, the U.S. Trustee's Office filed a Motion to Dismiss the Chapter 11 Bankruptcy case due to the debtor's failure to pay the quarterly fees. No other creditor filed a motion to dismiss the case.

5. The motion went unopposed as debtor's counsel was no longer active in the case and the debtor had not retained new counsel to represent the entity.

1

6. On December 14, 2023, this honorable Bankruptcy Court entered an Order dismissing the Chapter 11 case due to the debtor's failure to pay its quarterly fees.

7. On December 19, 2023, the Debtor paid the past due quarterly fees to the U.S. Trustee's Office. Exhibit 1.

8. The debtor's motion as been filed within a reasonable period of time (as required by Fed. R. Civ. P. 60(c)(1) ) after entry of the order of dismissal.

9. The debtor seeks relief under Rule 60(b)(1) based on "mistake, inadvertence, surprise, or excusable neglect," such relief must be granted.

10. The allegations showing mistake, inadvertence, or surprise aris due to the debtor's counsel withdrawal from the case. The debtor suggests that there is excusable neglect justifying relief from the dismissal of the order.

11. Whether neglect is excusable is an equitable determination, taking into account all relevant circumstances surrounding the party's omission, including: (1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the movant's reasonable control, and (4) whether the movant acted in good faith. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

12. The lack of representation by counsel offers an excuse for failing to oppose the motion to dismiss.

13. The debtor showed excusable neglect in failing to oppose the motion to dismiss. As an entity, the debtor is required to have representation by counsel and the debtor was unaware that and unable to find counsel on relatively short notice

14. All other matters withing the control of the debtor was properly handled such as the payment of quarterly fess and the preparation of monthly operating reports. Handling the matters entirely within its control demonstrate good faith.

15. The Order vacating the dismissal will not produce administrative delays nor is it prejudicial to creditors.

**WHEREFORE**, the debtor prays this honorable Court grant the instant Motion to Vacate the Order to Dismiss the Bankruptcy Case.

December 24, 2023 */s/ William C. Johnson, Jr.*
William C. Johnson, Jr., Esq.
Fed Bar No. 470314
6305 Ivy Lane
Suite 630
Greenbelt, Maryland 20770
(301) 477-3450
(202) 525-2958
Fax (301) 477-4813
William@JohnsonLG.Law

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this day of December 24, 2023, a copy of the foregoing was sent via first class mail, postage pre-paid to the following:

Office of the U.S. Trustee
1725 Duke Street
Suite 630
Alexandria, VA 22314

All creditors on Mailing Matrix

December 24, 2023 */s/ William C. Johnson, Jr.*
William C. Johnson, Jr., Esq.

## NOTICE OF MOTION

TO: (A) THE U.S. TRUSTEE AND (B) ALL PARTIES WHO HAVE FILED A NOTICE OF

APPEARANCE AND REQUEST FOR SERVICE OF PAPERS PURSUANT TO BANKRUPTCY RULE 2002

**PLEASE TAKE NOTICE** that the above-captioned debtor and debtor in possession have filed the attached *Debtors'* Motion to Vacate the Order to Dismiss the Bankruptcy Case (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must be filed on or before **January 10, 2024 at 4:00 p.m. (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Columbia, 333 Constitution Ave. NW, Washington, D.C. 20001.  At the same time, you must serve a copy of any objection upon the undersigned counsel to the Debtors so as to be received on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** THAT A HEARING ON THE MOTION WILL BE HELD ON **JANUARY 17, 2024 AT  10:00 A.M. (ET)** BEFORE THE HONORABLE ELIZABETH GUNN AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA, 333 CONSTITUTION AVE. NW, WASHINGTON, DC 20001.

**PLEASE TAKE FURTHER NOTICE THAT, IF YOU FAIL TO RESPOND IN ACCORANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR A HEARING.**

| | |
|---|---|
| December 24, 2023 | */s/ William C. Johnson, Jr.* <br> William C. Johnson, Jr., Esq. |